**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allstate Insurance Co., | ) No. CV 12-1348-PHX-JAT |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Sun Lin Electronics Co., LTD., et al., | ) |
| Defendants. | ) |

"Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). In this case, the notice of removal fails to sufficiently plead jurisdiction. *See* 28 U.S.C. § 1332; *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192; - - - U.S. - - - (2010) (discussing the citizenship of corporations); *Johnson v. Columbia Properties Anchorage, L.P.,* 437 F.3d 894, 899 (9th Cir. 2006) (discussing the citizenship of limited liability companies).

Specifically, diversity jurisdiction requires complete diversity between all plaintiffs and all defendants. *Caterpillar v. Lewis*, 386 U.S. 523, 531 (1996). In this case, the notice of removal fails to allege the citizenship of two of the three defendants.

Accordingly,

1 **IT IS ORDERED** that by July 20, 2012, the removing Defendant shall file an
2 amended notice of removal properly alleging federal subject matter jurisdiction, or this case
3 will be remanded for lack of federal subject matter jurisdiction.

4     DATED this 13th day of July, 2012.

*/s/ James A. Teilborg*
James A. Teilborg
United States District Judge