**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allstate Insurance Co., | ) No. CV 12-1348-PHX-JAT |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Sun Lin Electronics Co., LTD., et al., | ) |
| Defendants. | ) |

"Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). In this case, the notice of removal fails to sufficiently plead jurisdiction. *See* 28 U.S.C. § 1332; *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192; - - - U.S. - - - (2010) (discussing the citizenship of corporations); *Johnson v. Columbia Properties Anchorage, L.P.,* 437 F.3d 894, 899 (9th Cir. 2006) (discussing the citizenship of limited liability companies).

Specifically, diversity jurisdiction requires complete diversity between all plaintiffs and all defendants. *Caterpillar v. Lewis*, 386 U.S. 523, 531 (1996). In this case, the notice of removal fails to allege the citizenship of two of the three defendants.

Accordingly,

1 **IT IS ORDERED** that by July 20, 2012, the removing Defendant shall file an amended notice of removal properly alleging federal subject matter jurisdiction, or this case will be remanded for lack of federal subject matter jurisdiction.

DATED this 13th day of July, 2012.

                                James A. Teilborg
                                United States District Judge